UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| GREGORY HUTSON, | ) | |
| *Plaintiff,* | ) ) ) | Case No. 3:25-cv-197 |
| v. | ) ) | Judge Atchley |
| CAPITAL ONE, N.A., | ) ) | Magistrate Judge McCook |
| *Defendant.* | ) ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court are Plaintiff Gregory Hutson's Motion to Remand [Doc. 9], his Motion to Expedite Ruling on his Motion to Remand [Doc. 15], and his Motion for Costs and Expenses [Doc. 18]. For the following reasons, the Motion to Expedite Ruling [Doc. 15] is **GRANTED** to the extent that this Memorandum Opinion and Order resolves Hutson's Motion to Remand. The Motion to Remand itself [Doc. 9] is also **GRANTED**, but the Motion for Costs and Expenses [Doc. 18] is **DENIED**.

### I. BACKGROUND

This case concerns Hutson's allegations that Defendant Capital One, N.A. "willfully and knowingly reported false and inaccurate information on [his] personal credit report." [Doc. 8 at ¶ 5]. Hutson, who is proceeding pro se, originally filed suit in the General Sessions Court for Sullivan County, Tennessee, alleging that Capital One's false reporting amounted to fraud and a violation of the Fair Credit Reporting Act ("FCRA"), the Fair Debt Collection Practices Act ("FDCPA"), and the Tennessee Consumer Protection Act ("TCPA"). [Doc. 1-1]. Given that two of these claims were based on federal statutes, Capital One removed the case to this Court. [Doc. 1]. In response, Hutson filed the currently operative Amended Complaint which contains only a

TCPA claim. [Doc. 8]. Hutson contemporaneously filed his Motion to Remand wherein he asserts, among other things, that the Court lacks jurisdiction over this matter given that he is no longer pursuing his federal claims. [Doc. 9]. In the weeks since, Hutson has also requested that the Court expedite its ruling on his Motion to Remand [Doc. 15] and that the Court award him his costs for having to file the Motion to Remand in the first instance [Doc. 18]. As for Capital One, it opposes Hutson's Motion to Remand [Doc. 14] and has filed a Motion to Dismiss [Doc. 12] which—based on the conclusions below—is not properly before the undersigned.

## II. ANALYSIS

Federal courts are courts of limited jurisdiction. Indeed, there are only two ways most cases make it into federal court: through diversity jurisdiction or federal question jurisdiction. *Home Depot U.S.A., Inc. v. Jackson*, 587 U.S. 435, 437–38 (2019). Parties can remove a case from state court to federal court so long as the case could have been originally filed in federal court—that is, so long as the federal court has diversity or federal question jurisdiction over the case. *Id.* at 438 (citing 28 U.S.C. § 1441(a)). If the federal court lacks subject matter jurisdiction over the removed case, it must remand the case to state court. 28 U.S.C. § 1447(c). Remand orders based on a lack of subject matter jurisdiction are not reviewable on appeal. *DaWalt v. Purdue Pharma, L.P.*, 397 F.3d 392, 398 (6th Cir. 2005) (citing 28 U.S.C. § 1447(d) and *Gravitt v. Sw. Bell Tel. Co.*, 430 U.S. 723, 723–24 (1977)).

In this case, Capital One argues that the Amended Complaint gives rise to the Court's diversity jurisdiction since it—unlike the original Complaint—specifies the damages that Hutson is seeking to recover. [Doc. 14 at 2–4]. Capital One further argues that although Hutson has removed his federal claims from the Amended Complaint, federal question jurisdiction still exists because Hutson's remaining TCPA claim is merely a FCRA claim in disguise. [*Id.* at 5–7]. Hutson,

on the other hand, argues that the Amended Complaint confers neither diversity nor federal question jurisdiction on the Court.[1] [Doc. 9 at 2–3; Doc. 17 at 1–3]. After careful consideration, the Court agrees with Hutson, though it will not award him his costs as requested.

1. **The Court lacks diversity jurisdiction over this case.**

When Hutson filed the Amended Complaint, he requested, for the first time, a specific damages award consisting of $24,875 in actual damages trebled in accordance with Tennessee Code Annotated Section 47-18-109(a)(3). [*Id.* at 2]. Capital One asserts that this requested relief makes the amount in controversy in this case $99,500. [Doc. 14 at 2–4]. It reached this figure by first trebling Huston's requested actual damages (24,875 x 3 = 74,625) and then adding this number to the $24,875 Hutson requests in actual damages (74,625 + 24,875 = 99,500). [*Id.*]. This, however, is not how total damages are calculated under Section 47-18-109(a)(3). Rather, when a plaintiff demonstrates his entitlement to treble damages under this statute, his total damages are calculated by just tripling his actual damages, *not* by tripling those damages and then adding that figure to the plaintiff's actual damages. *See, e.g.*, *Dixon v. Bryan*, Appeal No. 01A01-9707-CV-00371, 1998 Tenn. App. LEXIS 847, at *4 (Ct. App. Dec. 15, 1998); *Carver v. GM LLC*, No. 3:10-1096, 2011 U.S. Dist. LEXIS 17906, at *4 (M.D. Tenn. Feb. 23, 2011); *Martin v. Performance Boat Brokerage.Com, LLC*, No. 1:11-CV-1204-JDB-egb, 2012 U.S. Dist. LEXIS 82651, at *6 (W.D. Tenn. May 25, 2012), *report and recommendation adopted* 2012 U.S. Dist. LEXIS 82151 (W.D. Tenn. June 14, 2012). As a result, Hutson could recover, at most, $74,625 (24,875 x 3) if he was to prevail on his TCPA claim and receive treble damages. This is below the Court's amount-in-controversy requirement, 28 U.S.C. § 1332(a), and Capital One has failed to prove by a

---

[1] Hutson further argues that Capital One's removal was procedurally improper because Capital One both removed this case to the wrong division and failed to provide "prompt notice" of removal in accordance with 28 U.S.C. § 1446(d). [Doc. 9 at 3; Doc. 17 at 3]. As the Court finds that remand is appropriate based on a lack of subject matter jurisdiction, it does not address these alternative arguments.

- 3 -

preponderance of the evidence that there are additional amounts at issue that elevate Hutson's requested damages beyond $75,000 exclusive of costs and interest. *See Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 822 (6th Cir. 2006). Accordingly, the Court finds that it lacks diversity jurisdiction over this case.

## 2. The Court also lacks federal question jurisdiction over this case.

Ordinarily, federal courts determine whether federal question jurisdiction exists by "examin[ing] the 'well pleaded' allegations of the complaint and ignor[ing] potential defenses[.]" *Ben. Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003). There are, however, several exceptions to this general rule, including—as relevant here—the artful pleading doctrine. *See Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 475 (6th Cir. 2008). "Under the artful-pleading doctrine, a federal court will have jurisdiction if a plaintiff has carefully drafted the complaint so as to avoid naming a federal statute as the basis for the claim, and the claim is in fact based on a federal statute." *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 561 (6th Cir. 2007). The doctrine "does not apply whenever it is *possible* to construe a state-law theory as a federal one." *Brunner*, 629 F.3d at 532 (emphasis in original). Rather, it allows removal only "where federal law completely preempts a plaintiff's state-law claim, or perhaps…where federal issues necessarily must be resolved to address the state law causes of action." *Id.* (cleaned up).

Here, Capital One argues that artful pleading doctrine applies because Hutson's TCPA claim is in all actuality a FCRA claim since it is based solely on Hutson's contention "that Capital One 'reported false and inaccurate information on [p]laintiff's personal credit report,' and 'failed to correct the error' despite plaintiff's disputes.'" [Doc. 14 at 7 (alteration in original) (quoting Doc. 8 at ¶¶ 5–6)]. The Court disagrees.

Although the FCRA preempts some state law claims (including potentially Hutson's TCPA claim),[2] courts have consistently declined to find that the FCRA completely preempts state law for removal purposes. *See Palkow v. CSX Transp., Inc.*, 431 F.3d 543, 553 (6th Cir. 2005) (noting that the Supreme Court has "largely limit[ed] its finding of complete preemption to a handful of federal statutes, the most widely recognized of these being the Labor Management Relations Act, 29 U.S.C. § 185(a) ('LMRA') and the Employee Retirement Income Security Act, 29 U.S.C. § 1144(a) ('ERISA')"); *Harper v. TRW, Inc.*, 881 F. Supp. 294, 298–300 (E.D. Mich. 1995) (holding that the FCRA did not completely preempt a plaintiff's state law claims and that those claims were therefore not removeable); *Thompson v. TAM Mgmt. Servs.*, No. 2:04-CV-1025, 2005 U.S. Dist. LEXIS 55041, at *7 (S.D. Ohio May 13, 2005) (same), *report and recommendation adopted*, 2005 U.S. Dist. LEXIS 54963 (S.D. Ohio July 22, 2005); *see also Avassapian v. BMO Harris Fin. Advisors, Inc.*, No. CV 24-3146-JFW(PDx), 2024 U.S. Dist. LEXIS 78015, at *4 (C.D. Cal. Apr. 26, 2024) (collecting cases).

Thus, the artful pleading doctrine can only apply here if "federal issues necessarily must be resolved to address" Hutson's TCPA claim. *Brunner*, 629 F.3d at 532. The only federal issue Capital One identifies, however, is ordinary (as opposed to complete) preemption, [*see* Doc. 14 at 5–7], which does not provide a basis for removal under federal law. *Hudak v. Elmcroft of Sagamore Hills*, 58 F.4th 845, 852 (6th Cir. 2023). Consequently, Capital One has failed to show that the artful pleading doctrine is applicable to Hutson's TCPA claim and, by extension, that the Court possesses federal question jurisdiction over this case. Remand is therefore appropriate.

---

[2] *See, e.g.*, *Lufkin v. Capital One Bank, N.A.*, No. 3:10-CV-18, 2010 U.S. Dist. LEXIS 71521, at *6–10 (E.D. Tenn. July 16, 2010) *Westbrooks v. Fifth Third Bank*, No. 3:05-0664, 2005 U.S. Dist. LEXIS 45078, at *14–19 (M.D. Tenn. Nov. 30, 2005).

### 3. Hutson is not entitled to an award of costs.

In addition to requesting remand, Hutson also requests that the Court award him his "just costs and actual expenses" incurred as a result of Capital One removing this action. [Doc. 18]. The Court, however, finds that Hutson is not entitled to recover these costs as Capital One had an objectively reasonable basis for seeking removal.

28 U.S.C. § 1447(c) authorizes the Court, when remanding a case, to "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Such costs are typically awarded only where a defendant's removal of a case was "objectively unreasonable." *Warthman v. Genoa Twp. Bd. of Trs.*, 549 F.3d 1055, 1060 (6th Cir. 2008). Furthermore, "[d]istrict courts enjoy 'considerable discretion' in determining whether to award costs and attorney fees under § 1447(c)." *First Star Logistics, LLC v. Wholestone Farms Coop., Inc.*, No. 1:24-cv-50, 2024 U.S. Dist. LEXIS 171260, at *14 (S.D. Ohio Sep. 23, 2024) (quoting *Warthman*, 549 F.3d at 1060).

When Capital One originally removed this action, the operative Complaint alleged two federal claims. [*See* Docs. 1, 1-1]. Therefore, it was objectively reasonable to remove this case because Hutson's claims clearly invoked the Court's federal question and supplemental jurisdiction. That Hutson later abandoned his federal claims does not turn Capital One's objectively reasonable belief that this case was removeable into an unreasonable one. Furthermore, Capital One did not act unreasonably in continuing to defend removal following Hutson's filing of the Amended Complaint. Although Capital One did not prevail on its artful pleading argument, its position was not so tenuous that the Court can say it was objectively unreasonable. And it would distort Section 1447(c)'s purpose to award costs where a defendant had a reasonable, but ultimately inaccurate, belief that a case was removeable. *See Martin v. Franklin Capital Corp.*, 546 U.S. 132,

140 (2005) (stating that the goal of awarding costs on remand is to "reduce[] the attractiveness of removal as a method for delaying litigation and imposing costs on the plaintiff"). Accordingly, the Court finds that Hutson is not entitled to an award of costs.

## III. CONCLUSION

For the foregoing reasons Hutson's Motion to Remand [Doc. 9] and Motion to Expedite Ruling [Doc. 15] are **GRANTED**. His Motion for Costs and Expenses [Doc. 18], however, is **DENIED**. This matter is hereby **REMANDED** to the General Sessions Court for Sullivan County, Tennessee, due to this Court's lack of subject matter jurisdiction over Hutson's claim. The Clerk is **DIRECTED** to terminate all pending motions and close the file.

**SO ORDERED**.

*/s/ Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY, JR.**
**UNITED STATES DISTRICT JUDGE**